# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANNY BRIZENDINE,

    Plaintiff,

v.

JENNIFER RANDALL,

    Defendant.

Case No. 16-2782-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Danny Brizendine brought this action against his estranged wife, Defendant Jennifer Randall, alleging claims of quantum meruit and fraud under Kansas law. Before the Court is Defendant's Motion to Dismiss Count II of the Complaint (Doc. 6) under Fed. R. Civ. P. 9(b). This case was stayed on April 5, 2017, after the motion went under advisement, but on August 16, 2017, Magistrate Judge Birzer lifted the stay as to all proceedings except discovery. The motion thus is ripe for decision, and the Court is prepared to rule. As described more fully below, Defendant's motion is denied.

**I.    Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2] The plausibility standard does not

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

require a showing of probability that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[5] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

---

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]*Id.*

[5]550 U.S. 544 (2007).

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7]*Id.* (citing *Twombly*, 550 U.S. at 556).

[8]*Iqbal*, 556 U.S. at 678.

[9]*Id.* at 678–79.

[10]*Id.* at 679

[11]*Id.* at 678.

Under Fed. R. Civ. P. 9, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[12] The rule's purpose is to provide the defendant fair and adequate notice of the claim and to allow the defendant to respond on an informed basis.[13] The heightened pleading requirements of Rule 9(b) "must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, and direct.'"[14] A fraud claim requires "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[15] The rule allows "malice, intent, knowledge, and other condition of mind of a person" to be averred generally.[16]

## II.  Discussion

The Court has reviewed Plaintiff's Complaint and agrees that it sets forth sufficient facts under Rule 9(b) to plausibly allege a claim of fraud. According to the Complaint, Plaintiff and Defendant relocated to Hutchinson, Kansas from California in 2006, and began purchasing investment properties to renovate. Plaintiff is a craftsman, contractor, and property manager, and he spent thousands of hours in labor remodeling a particular piece of investment property in Hutchinson. According to the Complaint, Plaintiff was falsely led to believe by Defendant, an artist, that his labor was in exchange for an equal ownership interest in the property. Plaintiff was the property manager for this property until August 2015, again, with the understanding that his work was in exchange for co-equal ownership in the property.

---

[12] Fed. R. Civ. P. 9(b).

[13] *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).

[14] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting Fed. R. Civ. P. 8 [(d)(1)]).

[15] *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

[16] Fed. R. Civ. P. 9(b); *see Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992).

Plaintiff alleges that in December 2012, "the parties transferred title to the Investment Property to B & Main, LLC," which was a single member LLC; Defendant was the only member.[17] Plaintiff did not learn that he was excluded from any ownership interest in the property until September 2016.

Additionally, Plaintiff alleges: (1) Defendant fraudulently induced him to guarantee a loan for her benefit, again misrepresenting to him that he held an ownership interest in the property; (2) in July 2015, Defendant fraudulently induced Plaintiff to build and develop an art museum as part of the property by misrepresenting that he held an ownership interest; and (3) on December 17, 2015, Defendant filed a false police report alleging Plaintiff was guilty of criminal trespass and damage to property when Plaintiff was on or about the property, which he believed he owned.

Taken together, these facts sufficiently meet the standard in Rule 9(b). Plaintiff has alleged the time, place, and contents of the alleged misrepresentation—that he owned part of the subject property in Hutchinson. Plaintiff alleges that Defendant misrepresented this fact repeatedly over an almost-ten-year period of time, causing him to work for no compensation, to guarantee a loan for her benefit, and to build and develop an art museum for no compensation. Plaintiff is not required to "recite the evidence or plead detailed evidentiary matter."[18] He has pled sufficient detail to place Plaintiff on fair and adequate notice of his claim. Thus, the motion to dismiss must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Count II of the Complaint (Doc. 6) is **denied**.

**IT IS SO ORDERED.**

---

[17]Doc. 1 ¶ 12.

[18]*See Sunbird Air Servs., Inc. v. Beech Aircraft Corp.*, 789 F. Supp. 364, 366 (D. Kan. 1992).

<u>Dated: August 30, 2017</u>

                                                   <u>S/ Julie A. Robinson</u>
                                                   JULIE A. ROBINSON
                                                   UNITED STATES DISTRICT JUDGE