# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANNY BRIZENDINE,** | |
| **Plaintiff,** | |
| v. | Case No. 2:16-CV-2782-JAR-GEB |
| **JENNIFER RANDALL,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

On November 27, 2016, Plaintiff Danny Brizendine filed this diversity suit against his estranged wife, Defendant Jennifer Randall, alleging state law claims of quantum meruit and fraud. This action arises out of a dispute regarding an investment property that was also at issue in their California divorce proceeding. Before the Court is Defendant's Motion to Dismiss (Doc. 28), in which she argues Plaintiff's claims are barred by res judicata. The matter is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court denies without prejudice to refiling Defendant's motion to dismiss.

**I.    Legal Standard**

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). Neither rule applies to this motion. The sole basis for Defendant's motion to dismiss is res judicata, an affirmative defense.[1] Affirmative defenses are to be pled in a defendant's answer.[2] But "when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be

---

[1] *See* Fed. R. Civ. P. 8(c)(1).

[2] Fed. R. Civ. P. 8(c); *see also Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 564 F. App'x 345, 347 (10th Cir. 2014).

upheld on a Rule 12(b)(6) motion without requiring an answer."[3] Here, Defendant filed her motion to dismiss after she filed her answer asserting res judicata as an affirmative defense.[4] Therefore, the Court construes it as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), which is decided under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).[5] The court must accept all facts pleaded by the non-moving party as true and grants all reasonable inferences from the pleadings in favor of the non-moving party.[6] A motion for judgment on the pleadings should not be granted unless the movant has clearly established that there are no material facts to be resolved and that the movant is entitled to judgment as a matter of law.[7] The court does not accept as true legal conclusions that are couched as factual allegations,[8] but rather determines whether the factual allegations "plausibly give rise to an entitlement to relief."[9] To avoid dismissal, a plaintiff must state a plausible claim, which requires "sufficient factual allegations to 'raise a right to relief above the speculative level.'"[10]

## II. Background

As an initial matter, the Court takes judicial notice of the documents attached to Defendant's motion from the California divorce proceeding.[11] The following facts are taken

---

[3]*Tri-State Truck Ins.*, 564 F. App'x at 347 (quoting *Day v. Moscow*, 955 F.2d 807, 811 (9th Cir. 1992)).

[4]*See* Doc. 23.

[5]*Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[6]*Id.*

[7]*Id.*

[8]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9]*Id.* at 679.

[10]*Id.*

[11]Fed. R. Evid. 201; *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (stating that a court can take judicial notice of facts that are matters of public record without converting to a motion for summary judgment).

from those documents, and the Complaint. Plaintiff Danny Brizendine and his former partner Jennifer Randall bought and sold over thirty properties together before, during, and after their July 18, 2009 marriage. On or about August 29, 2005, they purchased a commercial property (the "Investment Property") together, located at 201 South Main Street in Hutchinson, Kansas. From 2006 through 2015, Plaintiff estimates he spent thousands of hours remodeling the Investment Property.[12] He also served as a property manager from 2006 until about August 2015. Defendant believed he held this position and invested his labor in exchange for an equal ownership interest in the Investment Property.

Plaintiff alleges in the Complaint that in December 2012, Defendant fraudulently induced him to transfer his title to the Investment Property to B & Main, LLC, in which Defendant is the only member. Defendant encouraged Plaintiff to continue to provide his services free of charge without any intent to compensate him. Then in July 2015, Defendant fraudulently induced Plaintiff to guarantee a loan for her benefit. Moreover, Defendant fraudulently persuaded Plaintiff to build and develop an art museum as part of the Investment Property. These misrepresentations were material and Plaintiff relied on them to his detriment. Plaintiff alleges Defendant expressly and impliedly agreed to pay Plaintiff for the reasonable value of his services, and was unjustly enriched because she refused to provide adequate compensation.

Defendant filed a Petition for Dissolution of Marriage in the San Luis Obispo Superior Court of California on September 18, 2015, before this case was filed. Plaintiff did not learn Defendant excluded him from any interest in the Investment Property until on or about September 2016, prompting him to file the instant Complaint on November 27, 2016, alleging claims against Defendant for quantum meruit and fraud stemming from Plaintiff's alleged

---

[12]Doc. 1 at 2.

misrepresentations to him concerning the Investment Property, causing him to provide unpaid services with no compensation.

On October 30, 2017, the California state court decided the following issues in the divorce proceeding: date of separation, spousal support, division of property and obligations, and attorneys' fees and costs.[13] One of the properties addressed by the court was the Investment Property at 201 South Main Street in Hutchinson, Kansas. The California court ordered this property to be sold and directed the net proceeds placed in a trust account.[14] It found that the property was Defendant's separate property, not community property, and rejected Plaintiff's arguments, raised again here, that his efforts at improving the property and working as a property manager entitle him to compensation.[15]

## III. Discussion

Defendant moves to dismiss the Complaint in its entirety, arguing Plaintiff's claims are barred by the doctrine of res judicata. Plaintiff responds that the claims are not barred by res judicata because fraud claims cannot be brought in California divorce proceedings and must be asserted in a separate litigation. Plaintiff further contends the claims are different because he is not seeking compensation for his value of the property, but rather the value of the services he provided remodeling it.

In determining the preclusive effect of a state court judgment, the state law where the judgment was entered applies.[16] "In the absence of federal law modifying the operation of

---

[13]Doc. 1, Ex. 3 at 2.

[14]*Id*. at 5.

[15]*Id*. at 5–7.

[16]*Hatch v. Boulder Town Council*, 471 F.3d 1142, 1146 (10th Cir. 2006); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 373-74 (1985) ("28 U.S.C. § 1738 . . . requires a federal court to look first to state law in determining the preclusive effects of a state-court judgment.").

4

U.S.C. § 1738 – which provides that state judicial proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the State from which they are taken – the preclusive effect in federal court of petitioner's state-court judgment is determined by [state] law."[17] Here, the parties' divorce proceeding took place in the San Luis Obispo Superior Court of California. Thus, the divorce decision's preclusive effect must be decided under California law.

Under California law, res judicata "describes the preclusive effect of a final judgment on the merits."[18] The doctrine's purpose is to prevent the same parties from relitigating the same cause of action in a second suit.[19] As a result, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date."[20] There are three prerequisite elements for applying res judicata: "(1) a claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."[21]

To determine whether two proceedings involve the same causes of action for purposes of claim preclusion, California courts consistently apply the "primary rights theory."[22] Under the primary rights theory, the invasion of one primary right gives rise to a single cause of action.[23]

---

[17]*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 76 (1984).

[18]*Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301 (Cal. 2002).

[19]*Id*.

[20]*Id*. at 302.

[21]*Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (quoting *Cal. v. Barragan*, 83 P.3d 480, 492 (Cal. 2004)).

[22]*Id.* at 348 (quoting *Slater v. Blackwood*, 543 P.2d 593, 594 (Cal. 1975)).

[23]*Slater*, 543 P.2d at 594.

The primary right is the right to be free from the particular injury suffered by the plaintiff.[24] A primary right is indivisible.[25] Even if recovery could be predicated on multiple legal theories, one injury gives rise to just one claim for relief.[26] "A pleading that states the violation of one primary right in two causes of action contravenes the rule against 'splitting' a cause of action."[27]

To determine whether more than one primary right has been violated, California courts look to the harm suffered by the plaintiff.[28] The availability of several remedies for the violation of one primary right does not create additional "causes of action."[29] How a plaintiff organizes his or her claims within a complaint is "irrelevant to determining the number of causes of action alleged under the primary right theory."[30] Therefore, when there is only one primary right at issue, an adverse judgment in the first suit bars a second suit even if it is based on a different legal theory or seeks a different remedy.[31]

In this case, the second and third elements are clearly met. The Statement of Decision issued by the California court was a final judgment on the merits and the divorce proceeding involved the same parties as this case. The motion turns on the the first element. Relying on Tenth Circuit cases, Defendant asserts this suit is based on the same cause of action as the divorce proceeding because it arises out of the "same transaction, event, or occurrence."[32]

---

[24]*Crowley v. Katleman*, 881 P.2d 1083, 1090 (Cal. 1994), as modified (Nov. 30, 1994) (citing *Slater*, 543 P.2d at 593).

[25]*Crowley*, 881 P.2d at 1083.

[26]*Boeken*, 230 P.3d at 348.

[27]*Crowley*, 881 P.2d at 1090 (citing *Wulfjen v. Dolton*, 151 P.2d 846 (Cal. 1944)).

[28]*Stoner v. Williams*, 54 Cal. Rptr. 2d 243, 253 (Cal. Ct. App. 1996).

[29]*Sawyer v. First City Fin. Corp.*, 177 Cal. Rptr. 398, 403 (Cal. Ct. App. 1981).

[30]*Choi v. Sagemark Consulting*, 266 Cal. Rptr. 3d 267, 289 (Cal. Ct. App. 2017), *review denied* (Mar. 21, 2018) (quoting *Hindin v. Rust*, 13 Cal. Rptr. 3d 668 (Cal. Ct. App. 2004)).

[31]*Crowley*, 881 P.2d at 1090 (*see, e.g., Johnson v. American Airlines, Inc.*, 203 Cal. Rptr. 638 (Cal. Ct. App. 1984); *Stafford v. Yerge*, 276 P.2d 649 (Cal. Ct. App. 1954)).

[32]Doc. 29 at 6.

Plaintiff argues this suit could not have been brought in the California court because the superior court has limited jurisdiction in domestic relations cases.

Neither party applies res judicata under California law. Defendant states that "both Kansas and California law do not significantly differ from the federal law concerning the doctrine of res judicata," and proceeds with her analysis under Tenth Circuit law. But, the Tenth Circuit applies a transactional approach to the cause of action element,[33] whereas California applies the primary rights theory. The Court declines to perform a primary rights analysis without the benefit of briefing by the parties. This analysis requires careful consideration and comparison of the primary rights involved in both lawsuits. And because res judicata is an affirmative defense for which Defendant carries the burden of proof, given the lack of briefing on the appropriate choice of law, the Court cannot find that she has carried her burden of showing it is clearly established that she is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 28) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: July 23, 2018

S/ Julie A. Robinson  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE

---

[33] *Nwosun v. Gen. Mills Rest., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).