# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANNY BRIZENDINE,

    Plaintiff,

v.

JENNIFER RANDALL,

    Defendant.

Case No. 2:16-CV-2782-JAR-GEB

## MEMORANDUM & ORDER

On November 27, 2016, Plaintiff Danny Brizendine filed this diversity suit against his ex-wife, Defendant Jennifer Randall, alleging state law claims of quantum meruit and fraud. Plaintiff's claims arise out of a dispute regarding an investment property that was also at issue in their California divorce proceeding. Before the Court are Defendant's Second Motion to Dismiss (Doc. 44) in which she argues Plaintiff's claims are barred by res judicata, and Motion for Summary Judgment (Doc. 48). This Court previously denied without prejudice Defendant's Motion to Dismiss because Defendant briefed the Court under the incorrect law, and therefore did not carry her burden of proof in asserting her affirmative defense of res judicata (Doc. 42). The parties have now briefed the Court under the proper law, and the Court is prepared to rule. For the reasons stated below, the Court **grants** Defendant's motion to dismiss, and thus finds moot her motion for summary judgment.

## I.  Legal Standard

Defendant again moves to dismiss under Fed. R. Civ. P. 12(c), based on res judicata, an affirmative defense.[1] A motion to dismiss pursuant to Fed. R. Civ. P. 12(c) is decided under the

---

[1] *See* Fed. R. Civ. P. 8(c)(1).

same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).[2] The court must accept all facts pleaded by the non-moving party as true and grants all reasonable inferences from the pleadings in favor of the non-moving party.[3] A motion for judgment on the pleadings should not be granted unless the movant has clearly established that there are no material facts to be resolved and that the movant is entitled to judgment as a matter of law.[4] The court does not accept as true legal conclusions that are couched as factual allegations,[5] but rather determines whether the factual allegations "plausibly give rise to an entitlement to relief."[6] To avoid dismissal, a plaintiff must state a plausible claim, which requires "sufficient factual allegations to 'raise a right to relief above the speculative level.'"[7]

**II.  Background**

The Court incorporates by reference its summary of facts from its July 23, 2018 order denying Defendant's previous motion to dismiss on res judicata grounds.[8] Highly summarized, Plaintiff Danny Brizendine and his former partner Jennifer Randall bought and sold a commercial property (the "Investment Property") together, located at 201 South Main Street in Hutchinson, Kansas. Plaintiff served as property manager of the Investment Property from 2006 and 2015 and estimates that he spent thousands of hours remodeling the property.[9] Plaintiff believed he held this position and invested his labor in exchange for an ownership interest in the

---

[2] *Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[3] *Id.*

[4] *Id.*

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[6] *Id.* at 679.

[7] *Id.*

[8] Doc. 42. Because Defendant argued that Tenth Circuit, and not California law, applied in her first motion, the Court denied the motion without prejudice.

[9] Doc. 1 at 2.

Investment Property. On October 30, 2017, the California state court awarded the Investment Property to Defendant, finding that the property was Defendant's separate property, not community property, and rejecting Plaintiff's arguments, raised again here, that his efforts at improving the property and working as property manager entitle him to compensation.[10]

## III. Discussion

Defendant moves to dismiss the Complaint in its entirety, arguing this time that Plaintiff's claims are barred by the doctrine of res judicata under governing California law. Plaintiff responds that the claims are not barred by res judicata because the claims are different as he is not seeking compensation for his value of the property, but rather the value of the services he provided remodeling it.

As the Court previously explained in its July 23 order, in determining the preclusive effect of a state court judgment, the state law where the judgment was entered applies.[11] "In the absence of federal law modifying the operation of U.S.C. § 1738—which provides that state judicial proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the State from which they are taken—the preclusive effect in federal court of petitioner's state-court judgment is determined by [state] law."[12] Here, the parties' divorce proceeding took place in the San Luis Obispo Superior Court of California. Thus, the divorce decision's preclusive effect must be decided under California law.

---

[10] Doc. 45-3 at 2.

[11] *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1146 (10th Cir. 2006); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 373-74 (1985) ("28 U.S.C. § 1738 . . . requires a federal court to look first to state law in determining the preclusive effects of a state-court judgment.").

[12] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 76 (1984).

Under California law, res judicata "describes the preclusive effect of a final judgment on the merits."[13] The doctrine's purpose is to prevent the same parties from relitigating the same cause of action in a second suit.[14] As a result, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date."[15] There are three prerequisite elements for applying res judicata: "(1) a claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."[16] To determine whether two proceedings involve the same causes of action for purposes of claim preclusion, California courts consistently apply the "primary rights theory."[17] Under the primary rights theory, the invasion of one primary right gives rise to a single cause of action.[18] "A cause of action consists of: (1) a primary right possessed by the plaintiff; (2) a corresponding duty devolving upon the defendant; and (3) a delict or wrong done by the defendant which consists of a breach of the primary right."[19]

The primary right is the right to be free from the particular injury suffered by the plaintiff.[20] A primary right is indivisible.[21] Even if recovery could be predicated on multiple

---

[13] *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301 (Cal. 2002).

[14] *Id.*

[15] *Id.* at 302.

[16] *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (quoting *Cal. v. Barragan*, 83 P.3d 480, 492 (Cal. 2004)).

[17] *Id.* at 348 (quoting *Slater v. Blackwood*, 543 P.2d 593, 594 (Cal. 1975)).

[18] *Slater*, 543 P.2d at 594.

[19] *Amin v. Khazindar*, 112 Cal. App. 4th 582, 589 (2003).

[20] *Crowley v. Katleman*, 881 P.2d 1083, 1090 (Cal. 1994), *as modified* (Nov. 30, 1994) (citing *Slater*, 543 P.2d at 593).

[21] *Crowley*, 881 P.2d at 1083.

legal theories, one injury gives rise to just one claim for relief.[22] "A pleading that states the violation of one primary right in two causes of action contravenes the rule against 'splitting' a cause of action."[23] To determine whether more than one primary right has been violated, California courts look to the harm suffered by the plaintiff.[24] The availability of several remedies for the violation of one primary right does not create additional "causes of action."[25] How a plaintiff organizes his or her claims within a complaint is "irrelevant to determining the number of causes of action alleged under the primary right theory."[26] Therefore, when there is only one primary right at issue, an adverse judgment in the first suit bars a second suit, even if it is based on a different legal theory or seeks a different remedy.[27]

In this case, the second and third elements of res judicata are clearly met. The Statement of Decision issued by the California court was a final judgment on the merits and the divorce proceeding involved the same parties as this case. Defendant's motion thus turns on the first element and whether the claims asserted by Plaintiff involve a violation of the same "primary right."

Defendant now asserts that the primary right here was Defendant's interest in the Investment Property. In the state court proceeding, Plaintiff testified as to the specific work he did on the property,[28] claimed that he was entitled to an interest in the property,[29] claimed he was

---

[22] *Boeken*, 230 P.3d at 348.

[23] *Crowley*, 881 P.2d at 1090 (citing *Wulfien v. Dolton*, 151 P.2d 846 (Cal. 1944)).

[24] *Stoner v. Williams*, 54 Cal. Rptr. 2d 243, 253 (Cal. Ct. App. 1996).

[25] *Sawyer v. First City Fin. Corp.*, 177 Cal. Rptr. 398, 403 (Cal. Ct. App. 1981).

[26] *Choi v. Sagemark Consulting*, 266 Cal. Rptr. 3d 267, 289 (Cal. Ct. App. 2017), *review denied* (Mar. 21, 2018) (quoting *Hindin v. Rust*, 13 Cal. Rptr. 3d 668 (Cal. Ct. App. 2004)).

[27] *Crowley*, 881 P.2d at 1090 (*see, e.g., Johnson v. Am. Airlines, Inc.*, 203 Cal. Rptr. 638 (Cal. Ct. App. 1984); *Stafford v. Yerge*, 276 P.2d 649 (Cal. Ct. App. 1954)).

[28] Doc. 45-4 at 107:5–108:9; Doc. 45-5 at 25:1–12, 31:23–26, 35:28–36:5, 83:11–19, 84:4–12.

[29] Doc. 45-4 at 110:25–28, 108:17–22.

never paid and was owed payment for over 5000 hours of work on the property,[30] and alleged that Defendant unduly influenced him by coercing him into signing over his legal ownership of the property to her company.[31] Plaintiff's counsel specifically argued that "Mr. Brizendine made the improvements, orchestrated the deals, and conducted himself as a business partner with Ms. Randall" in arguing that he was entitled to a share of the investment property.[32] In closing, Plaintiff's counsel stated, "Ms. Randall's position is that [Plaintiff] was operating some form of indentured servant that received no compensation and shouldn't have any stake in what they were doing," and asked the court to find that Plaintiff was entitled to "equitable title" else he walk away "with no interest in the properties that he renovated."[33]

Plaintiff asserts that the primary right sought here is "the right to be paid for work undertaken in good faith by Plaintiff and to the immense financial benefit of the Defendant."[34] By contrast, he contends that the primary right in the divorce proceeding was that the property at issue was divisible community property.[35] Plaintiff also argues that the res judicata issue is obviated by Plaintiff's constitutional right to trial by jury.

The Court finds that only one primary right is at issue here: Plaintiff's right to equitable interest in the investment property. Plaintiff's separate arguments for fraud and quantum merit are merely his equitable interest arguments presented as distinct legal theories. Distinct legal theories do not give rise to multiple primary rights: "[e]ven if recovery could be predicated on

---

[30] Doc. 45-5 at 97:19–24, 106:17–25, 21:1–7.

[31] Doc. 45-6 at 85:17–27.

[32] *Id*. at 77: 9–18.

[33] Doc. 45-6 at 69:27–70:2; 73:6–11.

[34] Doc. 51 at 11.

[35] *Id*.

multiple legal theories, one injury gives rise to just one claim for relief."[36]  During the California divorce proceeding, Plaintiff presented the court with testimony regarding the many hours of allegedly unpaid work he contributed to the property and allegations of fraud and undue influence.[37]  He explicitly sought equitable interest in the property based on the same issues and claims presented in the present issue.[38]

California courts consider whether a party has an equitable or beneficial interest in the property when evaluating title disputes under § 662.[39]  Indeed, § 662 only applies when "valid legal title is undisputed and the controversy involves only beneficial title."[40]  The California court found that Plaintiff "had not met his burden of proof in rebutting the presumption of title contained in Evidence Code §662."[41]  Additionally, California family courts may provide an additional award or offset against existing property if the court determines property has been "deliberately misappropriated" by one of the parties; further, the family court may settle matters which the parties voluntarily submit to the court, even when the matter may not have initially fallen in the court's jurisdiction.[42]  Accordingly, the state court issued a final, valid legal judgment as to Plaintiff's equitable interest in the Investment Property after considering the same issues presented again here, namely, fraud, undue influence, and/or Plaintiff's unpaid contributions to the property.  Plaintiff's one primary right—his singular injury—is the

---

[36] *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010).

[37] Doc. 45-5 at 97:19–24, 106:17–25, 21:1–7; Doc. 45-6 at 85:17–27.

[38] Doc. 45-6 at 73:4–11.

[39] *See e.g., Murray v. Murray*, 26 Cal. App. 4th 1062, 1067 (Cal. Ct. App. 1994).

[40] *Id*. at 1068.

[41] Doc. 45-3 at 7.

[42] Cal. Fam. Code §§ 2601, 2602; *In re Marriage of Braud*, 45 Cal. App. 4th 797, 810–11 (1996).

deprivation of his equitable interest in the property.[43] Accordingly, Plaintiff's claims are barred by res judicata.

Finally, Plaintiff's argument regarding his constitutional right to a jury trial is without merit. The principle of res judicata applies equally to claims subject to bench and jury trials: "[r]egarding judgments, however, the full faith and credit obligation is exacting. A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."[44] Accordingly, Plaintiff's claims are barred by res judicata, and Defendant's motion to dismiss is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion to dismiss is **granted** (Doc. 44). Defendant's motion for summary judgment (Doc. 48) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: December 17, 2018

                S/ Julie A. Robinson
                JULIE A. ROBINSON
                CHIEF UNITED STATES DISTRICT JUDGE

---

[43] Plaintiff states "a determination of what is equitably owed for unpaid work has little or nothing to do with the value of the property upon which the work was performed and nothing to do with whether the claimant has a legal or equitable interest in property." Doc. 51 at 11. Plaintiff's claim for equitable interest, however, was explicitly based on the hours of work he performed on the property, as well as allegations of fraud and undue influence.

[44] *Baker ex rel. Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998).